# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**WALLACE HAMMERLE,**

        **Petitioner,**

        v.                                       **Case No. 19-CV-1773**

**DYLON RADTKE,**

        **Respondent.**

## DECISION AND ORDER DISMISSING THE PETITION
## FOR A WRIT OF HABEAS CORPUS

      Wallace Hammerle, who is incarcerated pursuant to the judgment of a Wisconsin Circuit Court, filed a petition for a writ of habeas corpus. (ECF No. 1.) The court screened the petition and noted that it appeared untimely and contained claims for which he had not exhausted his state court remedies. (ECF No. 5.) Therefore, the court ordered Hammerle to show cause why his petition should not be dismissed. (ECF No. 5.) After granting Hammerle's request for more time in which to show cause, the deadline for a response was May 21, 2020. (ECF No. 12.)

      On May 19, 2020, the court received a letter from a person identified as Ronald Rieckhoff, who describes himself as a close friend of Hammerle. (ECF No. 13.) Attached

to Rieckhoff's letter are numerous exhibits that he purports to be submitting on behalf of Hammerle and in response to the court's order. (ECF No. 13.) The court has not received any further submission from Hammerle. All parties have consented to the full jurisdiction of this court. (ECF Nos. 4, 8.)

The court has carefully reviewed the letter and exhibits submitted on behalf of Hammerle. (ECF No. 13.) The documents generally relate to Hammerle's complaints with his prior attorneys and his efforts to retain subsequent counsel. They do not address the defects that the court identified with his petition--specifically, that it is untimely and contains claims that Hammerle has not presented to one full round of review by the Wisconsin state courts.

As noted in the court's prior order (ECF No. 5), Hammerle was sentenced on March 11, 2002. (ECF No. 1 at 2.) He appealed his conviction, *see State v. Hammerle*, 2004 WI App 88, 272 Wis. 2d 854, 679 N.W.2d 926, 2004 Wisc. App. LEXIS 206, and ultimately the Supreme Court of Wisconsin denied his petition for review on August 2, 2004 (ECF No. 1-1 at 11). Hammerle had ninety days from that date—until November 1, 2004—in which to file a petition for a writ of certiorari with the Supreme Court of the United States. Sup. Ct. R. 13. He then had one year from that date—until November 1, 2005—to file a habeas petition. *See* 28 U.S.C. § 2244(d)(1)(A). Hammerle did not file his habeas petition until December 4, 2019, more than 14 years too late. (ECF No. 1.)

The records of the circuit court, *see State v. Hammerle (*Wood Cnty. Case No. 2001CF000144), available at https://wcca.wicourts.gov, and appellate court, *see State v. Hammerle (*Case No. 2003AP000594–CR), available at https://wscca.wicourts.gov, do not indicate any intervening proceeding that would have stopped the running of the one-year clock, *see* 28 U.S.C. § 2244(d)(2). Nor is the court able to discern any other reason for concluding that Hammerle's petition is timely. *See* 28 U.S.C. § 2244(d)(1); *Holland v. Florida*, 560 U.S. 631, 645, 130 S. Ct. 2549, 2560 (2010).

Only one plausible argument regarding equitable tolling of the statute of limitations merits discussion. Hammerle asserts that he is actually innocent of the crime. (ECF Nos. 1 at 32; 13-2 at 1, 5.) "In order to demonstrate actual innocence in a collateral proceeding, a petitioner must present 'new reliable evidence that was not presented at trial' and 'show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt.'" *Balsewicz v. Kingston*, 425 F.3d 1029, 1033 (7th Cir. 2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 299, 327-28, 130 L. Ed. 2d 808, 115 S. Ct. 851 (1995)).

The conviction for which Hammerle seeks federal habeas relief relates to the death of his eight-week-old daughter. *Hammerle*, 2004 WI App 88, ¶2. His conviction was based on the testimony of the girl's mother, Dawn Kuehl, and a jailhouse informant, Edwin Estep, to whom Hammerle allegedly confessed. *Id.* Hammerle asserts that Kuehl was actually responsible for the girl's death, and that he never spoke about the case with

Estep. (ECF No. 13-2 at 1.) He alleges that Estep's knowledge of the crime came from notes that Hammerle, at the advice of his attorney on an unrelated matter, wrote to record Kuehl's involvement in the murder. (ECF No. 13-2 at 1.) While Estep and Hammerle were incarcerated together, Estep allegedly broke into Hammerle's locker, reviewed Hammerle's notes, used those details to create a story inculpating Hammerle, and in exchange received some unidentified benefit from the state. (ECF No. 13-2 at 1.)

However, this is not new information. Much of it has been known since at least October of 2002 (ECF No. 13-4 (report of private investigator's interview with Estep's brother)) and was addressed in Hammerle's appeal, *Hammerle*, 2004 WI App 88, ¶10. Other details are contained in an undated letter submitted by Rieckhoff (ECF No. 13-2), which appears to have been written by Hammerle but, according to Rieckhoff, "was typed by Hammerle's mother and submitted to all attorneys requesting outside counsel." (ECF No. 13 at 4.) According to correspondence Hammerle submitted to the court, it appears that the relevant efforts to retain counsel date to at least 2007. (ECF No. 13-7.) If Hammerle's letter (ECF No. 13-2) was submitted in conjunction with his efforts to retain counsel, then Hammerle knew of the relevant facts since at least 2007. But details in the letter suggest that it was drafted later. The letter refers to a complaint Hammerle made to the Office of Lawyer Regulation. The court has been provided with a copy of such a complaint dated April 28, 2014. (ECF No. 13-1.) The letter also refers to Gregory Potter and Todd Wolf being judges in Wood County. Wolf did not become a judge until 2009.

4

Case 2:19-cv-01773-WED   Filed 10/21/20   Page 4 of 7   Document 15

But regardless of whether the letter was written in 2007, 2009, or 2014, what is material for present purposes is that there is no evidence that it was after December 4, 2018, *i.e.* within one year of him filing his habeas petition, that Hammerle first learned of the information contained in the letter. Therefore, the court must conclude that Hammerle's petition is untimely and must be dismissed. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005).

The fact that Hammerle's petition is untimely is only one reason why it must be dismissed. As the court noted previously, Hammerle's habeas petition raises thirty-three grounds for relief, fourteen of which relate to ineffective assistance of his trial counsel (ECF No. 1 at 6-15) and nineteen grounds that relate to ineffective assistance of his appellate counsel (*id.* at 16-29). Hammerle acknowledges that he has failed to exhaust his state court remedies with respect to all but one of his claims. Because his petition is "mixed" in that it contains both exhausted and unexhausted claims, the court is precluded from granting him relief as to any claim. *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

His explanations for having failed to exhaust thirty-two of his claims is that an attorney, either trial or appellate counsel, was ineffective and he (Hammerle) lacks knowledge of the law. Although ineffective assistance of counsel can, under some circumstances, "serve as cause to excuse the procedural default of another habeas claim," *Edwards v. Carpenter*, 529 U.S. 446, 451, 120 S. Ct. 1587, 1591 (2000), such a claim must usually first be "presented to the state courts as an independent claim before it may be

used to establish cause for a procedural default," *Murray v. Carrier*, 477 U.S. 478, 489 (1986). Hammerle has made no effort to present his claims of ineffective assistance of counsel to the state court. Therefore, those claims cannot serve to excuse his failure to exhaust any claim he now seeks to present.

Nor can Hammerle's lack of familiarity with the law, without more, serve as a basis to excuse his failure to exhaust his claims. *Smith v. McKee*, 598 F.3d 374, 385 (7th Cir. 2010) ("This court has specifically rejected the argument that a petitioner's *pro se* status alone constitutes cause in a cause-and-prejudice analysis.") (citing *Harris v. McAdory*, 334 F.3d 665, 668 (7th Cir. 2003); *Barksdale v. Lane*, 957 F.2d 379, 385-86 (7th Cir. 1992)).

Dismissal of the unexhausted and procedurally defaulted claims would not permit the court to consider Hammerle's lone exhausted claim because, as noted above, the petition is untimely. Therefore, the court must dismiss the petition in its entirety.

Insofar as Hammerle's submission might be interpreted as a renewed request for the appointment of counsel, the request is denied. The defects in Hammerle's petition are not remediable through legal acumen. With no indication that Hammerle has a plausible claim for relief, the court cannot say that the interests of justice require the appointment of counsel. *See* 18 U.S.C. § 3006A(a)(2).

Finally, because the court must dismiss Hammerle's petition for a writ of habeas corpus, pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 Proceedings, and 28 U.S.C. § 2253(c), the court must consider whether

to grant Hammerle a certificate of appealability. Because the court is dismissing the petition on procedural grounds, a certificate of appealability is appropriate only if reasonable jurists would find it "debatable whether the petition states a valid claim of the denial of a constitutional right" and it is "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court concludes that its decision that Hammerle's petition is both mixed and untimely is not fairly debatable. The court therefore denies a certificate of appealability.

**IT IS THEREFORE ORDERED** that the petition for a writ of habeas corpus is dismissed. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 21st day of October, 2020.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge